**FILED**

MAY 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                  NORTHERN DISTRICT OF CALIFORNIA
7
8   ROBERT NORRIS,                          No. C 06-3631 MHP (pr)
9            Petitioner,                     **ORDER OF DISMISSAL**
10      v.
11  D. K. SISTO, warden,
12          Respondent.
13  _____/
14                          **INTRODUCTION**
15       Robert Norris, an inmate at the California State Prison, Solano, filed this pro se action
16  seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for
17  consideration is respondent's unopposed motion to dismiss the petition as time-barred. The
18  court finds that Norris missed the deadline to file a habeas petition by more than three
19  months, grants the motion, and dismisses the action.
20                          **BACKGROUND**
21       Norris was convicted on a guilty plea in San Francisco County Superior Court of
22  second degree robbery and was found to have suffered three prior serious felony convictions.
23  On May 11, 2004, he was sentenced to seventeen years in state prison and an abstract of
24  judgment was filed.
25       Norris did not appeal his conviction. Although he reports in his petition that he did
26  appeal, Petition, p. 3,  the cases in the California Court of Appeal and California Supreme
27  Court were collateral challenges to his conviction rather than a direct review. Norris did not
28  contest respondent's motion and evidence that he did not appeal his conviction.

United States District Court
For the Northern District of California

1    Norris filed several collateral challenges in state court before filing this action. His
2  first petition for writ of habeas corpus in the California Court of Appeal (Case No. A107963)
3  was filed on October 13, 2004, and denied on October 14, 2004.

4    Norris' petition for writ of mandate in the San Francisco County Superior Court
5  appellate division was filed on November 10, 2004, and denied on November 29, 2004. In
6  the petition for writ of mandate, Norris sought transcripts of proceedings in the criminal case
7  to use on a possible collateral challenge.

8    Norris's second petition for writ of habeas corpus (Case No. A109336) in the
9  California Court of Appeal was filed on February 25, 2005 and denied on March 1, 2005.
10  (He also  had a petition for writ of mandate in the California Court of Appeal (Case No.
11  A109334), filed and denied on the same days as the second petition for writ of habeas
12  corpus.)

13    Norris' third petition for writ of habeas corpus in the California Court of Appeal
14  (Case No. A110968) was filed on August 5, 2005, and denied on August 17, 2005.

15    Norris' fourth petition for writ of habeas corpus in the California Court of Appeal
16  (Case No. A111723) was filed on October 18, 2005, and denied on October 21, 2005.

17    Norris' fifth petition for writ of habeas corpus in the California Court of Appeal (Case
18  No. A112862) was filed on February 6, 2006, and denied on February 15, 2006.

19    Norris' petition for review was filed in the California Supreme Court (Case No.
20  S141912) on March 16, 2006, and denied on May 10, 2006. The petition sought review of
21  the California Court of Appeal's decision in Case No. A112862.

22    Norris' federal petition was stamped "filed" on June 8, 2006. The signature on the
23  petition is dated June 1, 2006. The petition came to the court in an envelope post-marked
24  June 2, 2006. The petition in this action is not Norris' first federal petition concerning this
25  conviction. His first federal petition, Norris v. Hennessey, No. 04-2179 MHP, was filed on
26  June 2, 2004 and denied on June 22, 2004 because state court remedies had not been
27  exhausted.

28

2

1

**DISCUSSION**

2      Petitions filed by prisoners challenging non-capital state convictions or sentences must
3  be filed within one year of the latest of the date on which: (1) the judgment became final
4  after the conclusion of direct review or the time passed for seeking direct review; (2) an
5  impediment to filing an application created by unconstitutional state action was removed, if
6  such action prevented petitioner from filing; (3) the constitutional right asserted was
7  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
8  and made retroactive to cases on collateral review; or (4) the factual predicate of the claim
9  could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

10      The limitations period applicable here is the normal one of § 2244(d)(1)(D), i.e., the
11  date on which the judgment became final. Because Norris was convicted upon a guilty plea,
12  his appeal rights were limited under California law in that he could appeal only if he obtained
13  a certificate of probable cause. See Cal. Penal Code § 1237.5. Without such a certificate (or
14  if a request for a certificate was denied), his direct review process ended because he could
15  not appeal without such a certificate and could not appeal from the order denying the request
16  for the certificate. See Cal. Penal Code § 1237.5; People v. Castelan, 32 Cal. App. 4th 1185,
17  1188 (1995). Norris did not appeal. His conviction thus became final on July 10, 2004, sixty
18  days after he was sentenced and the abstract of judgment was filed. See former Cal. Rule of
19  Court 31(d). He thus had until July 11, 2005 to file his federal habeas petition. Norris'
20  federal habeas petition was not filed until many months after that deadline. Unless he is
21  entitled to some tolling, he is time-barred.

22      The next step is to determine whether any statutory tolling applies. The one-year
23  limitations period will be tolled for the "time during which a properly filed application for
24  State post-conviction or other collateral review with respect to the pertinent judgment or
25  claim is pending." 28 U.S.C. § 2244(d)(2).  The time during which a state collateral review
26  application is pending for purposes of § 2244(d)(2) includes "the intervals between a lower
27  court decision and the filing of a new petition in a higher court." Carey v. Saffold, 536 U.S.
28  214, 223 (2002). However, the limitations period is not tolled for the time between the

3

1   denial of one state habeas petition and the filing of a later state habeas petition in the same
2   court or in a lower court because they are not part of a single round of state habeas review.
3   See Delhomme v. Ramirez, 340 F.3d 817, 821 (9th Cir. 2003).

4        Norris' numerous state collateral challenges did not toll the limitations period long
5   enough to make his federal petition timely. Ninety-five days of the 365-day limitations
6   period passed before Norris filed his first habeas petition in the California Court of Appeal
7   on October 13, 2004. The clock started ticking again when that petition was denied on
8   October 14, 2004. Norris receives no tolling for the period after the denial of the first habeas
9   petition in California Court of Appeal because the next filing was at a lower level court.

10       An additional 27 days of the 365-day period passed before Norris filed his petition for
11  writ of mandate in the San Francisco Superior Court.  The limitations period was tolled from
12  the filing of that petition on November 10, 2004 until the denial of both the second habeas
13  petition and petition for writ of mandate in the California Court of Appeal on March 1, 2005.
14  Norris receives no tolling for the period after the denial of those petitions because his next
15  filing was at the same level court, and started a new "round" of review.  See Delhomme, 340
16  F.3d at 821.

17       An additional 156 days of the 365-day period passed before Norris filed his third
18  habeas petition in the California Court of Appeal on August 5, 2005. The clock started
19  ticking again when that petition was denied on August 17, 2005. Norris receives no tolling
20  for the period after the denial of that petition because his next filing was at the same level
21  court, and started a new "round" of review. See Delhomme, 340 F.3d at 821.

22       An additional 62 days of the 365-day period passed before Norris filed his fourth
23  petition in the California Court of Appeal on October 18, 2005. The clock started ticking
24  again when that petition was denied on October 21, 2005. Norris receives no tolling for the
25  period after the denial of that petition because his next filing was at the same level court, and
26  started a new "round" of review. See Delhomme, 340 F.3d at 821.

27       An additional 108 days of the 365-day period passed before Norris filed his fifth
28  petition in the California Court of Appeal on February 6, 2006. The limitations period was

4

1    tolled at least until the California Supreme Court denied his petition on May 10, 2006.

2    See former Cal. Rule of Court 29.4(b)(2)(C) (post-2003 habeas denial final on day of filing)

3    (now re-numbered as Rule 8.532(b)(2));appeal time includes time to file petition for writ of

4    certiorari); Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007) (petitioner does not receive

5    additional time for the period when he might file a petition for writ of certiorari following the

6    denial of habeas petition, unlike a direct appeal).   The deadline for Norris to get to federal

7    court had already passed before he filed his federal petition 20 days later.

8         The limitations period can be equitably tolled, but petitioner has not asserted any basis

9    for equitable tolling of the limitations period in this action.  The only potential tolling event

10   the court sees is the pendency of the earlier federal petition, but it was filed and denied

11   before the one-year limitations period started on July 10, 2004.  An event that occurs before

12   the limitations period begins cannot toll it.

13        The federal petition was deemed filed on June 1, 2006.  See Saffold v. Newland, 250

14   F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed

15   when prisoner delivers petition to prison authorities for mailing), vacated and remanded on

16   other grounds, Carey v. Saffold, 536 U.S. 214 (2002).  By the time Norris filed his federal

17   petition, 468 days of untolled time had passed since the judgment of conviction became final.

18   Norris missed the one-year habeas statute of limitation deadline by more than three months.

19                                    **CONCLUSION**

20        Respondent's motion to dismiss is GRANTED.  (Docket # 9.)  This action is

21   dismissed because the petition was not filed before the expiration of the habeas statute of

22   limitations period.  The clerk will close the file.

23        IT IS SO ORDERED.

24   DATED:  May 30 , 2007

25                                              Marilyn Hall Patel
                                                United States District Judge
26

27

28

                                        5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT NORRIS,

Plaintiff,

v.

D.K. SISTO et al,

Defendant.
_____/

Case Number: CV06-03631 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory A. Ott
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Robert Norris C-19066
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: May 30, 2007

Richard W. Wieking, Clerk

*Tracy Lucero*

By: Tracy Lucero, Deputy Clerk