UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT NORRIS,             No. C 06-3631 MHP (pr)

    Petitioner,            **ORDER**

  v.

D. K. SISTO, warden,

    Respondent.
_____/

      This habeas action was dismissed as barred by the statute of limitations in 28 U.S.C. § 2244(d), and judgment was entered on May 30, 2007. On July 11, 2007, petitioner sent a letter to the Clerk of the U.S. Court of Appeals for the Ninth Circuit, who in turn forwarded it to this court, where the letter was filed on July 19, 2007. In the letter, petitioner states that he wants to appeal the order of dismissal, but has been unable to obtain the necessary forms to appeal the ruling because his prison is on lock-down. He also asks for "all of the related documents to properly appeal." The court construes the letter to be a request for an extension of time to file a notice of appeal, a notice of appeal, and a request for forms to file an appeal.

      Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the district court "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Rule 4(a)(5) allows the district court to extend the time to file a notice of appeal, but only if the party moves for the extension within 30 days of the expiration of the time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5). Norris' request for an extension of time to file his appeal

was made within the time limit described by Rule 4(a)(5), and his statement that he has been unable to determine how to appeal due to a lockdown provides good cause for an extension of time. The request for an extension of time to file the appeal is GRANTED.

The letter also is construed to be a notice of appeal as petitioner expresses his desire to appeal the order of dismissal. The notice of appeal, in turn, is construed to also request a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). The certificate of appealability is DENIED because petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Finally, petitioner's letter request copies of forms that are needed for him to file an appeal. This court has no forms to file an appeal.

The clerk shall forward to the court of appeals the case file with this order. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: July 24, 2007

Marilyn Hall Patel
United States District Judge

2